```
                UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF NORTH CAROLINA


- - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

v.                                    Docket No. 5:18-CR-54-FL-1

DEVONTA OZELL SMITH                   New Bern, North Carolina
                                      August 8, 2019
- - - - - - - - - - - - - - -



              TRANSCRIPT OF SENTENCING HEARING
     BEFORE THE HONORABLE LOUISE W. FLANAGAN, DISTRICT JUDGE,
              UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF NORTH CAROLINA



APPEARANCES:

For the Government:    Kelly Leann Sandling, Esq.
                       Assistant United States Attorney
                       Office of the United States Attorney
                       310 New Bern Avenue
                       Suite 800
                       Raleigh, NC  27601

For the Defendant:     F. Hill Allen, Esq.
                       Tharrington Smith, LLP
                       150 Fayetteville Street
                       Suite 1800
                       Raleigh, NC  27601

Contract Reporter:     Harold M. Hagopian, RDR, CRR
                       United States District Court
                       Eastern District of North Carolina



         Proceedings recorded by mechanical stenography
      Transcript produced by computer-assisted transcription
```

```
 1                          PROCEEDINGS
 2          (The following proceedings were held in open session at
 3   the United States Courthouse, 413 Middle Street, New Bern,
 4   North Carolina, before the Honorable Louise W. Flanagan,
 5   United States District Judge for the Eastern District of North
 6   Carolina, on August 27, 2019.)
 7          (Assistant United States Attorney Kelly Leann Sandling,
 8   Esq., is present for the government.  Attorney F. Hill Allen,
 9   Esq., is present with the defendant.)
10                           *     *     *
11          THE COURT:  We'll take up Devonta Smith.
12          (The defendant entered the courtroom.)
13          Hello, Mr. Smith.  Again, my name is Judge Flanagan and
14   this is the time the Court's set aside to sentence you for
15   distribution of a quantity of heroin and possessing a firearm
16   in furtherance of a drug-trafficking crime.
17          Have you read the presentence report?
18              THE DEFENDANT:  Yes, ma'am.
19              THE COURT:  Have you had enough time to be ready
20   today with your attorney?
21              THE DEFENDANT:  Yes, ma'am.
22              THE COURT:  Good.  I'm familiar with your criminal
23   history.  It includes second-degree kidnapping, conspiracy to
24   commit robbery with a dangerous weapon, as well as possession
25   of a firearm by a convicted felon, and possession with the
```

```
 1   intent to manufacture, sell or deliver marijuana.
 2           The career offender application has been applied, to
 3   which you object, moving you from a criminal history category
 4   of III to a criminal history category of VI.  It has a
 5   profound impact on the sentence.
 6           Your family background is given to me, your health,
 7   education, substance-abuse history and your employment
 8   history.
 9           The base offense level is a 12, the adjusted offense
10   level is a 12, and then it leaps to 32 by virtue of that
11   enhancement.  Three points are taken off for acceptance of
12   responsibility.  It drops to a 29.  And I receive advice that
13   you should be sentenced to between 262 to 327 months.
14           You face up to 20 years in prison on Count 2 and five
15   years to life, consecutive, on Count 3.
16           Your behavior can be supervised up to five years.
17   That's five years on count 3.  On Count 2 it's three years.
18   The fine is a million dollars on Count 2 and a quarter-
19   of-a-million dollars on Count 3.  The guidelines suggest I
20   start considering a fine amount at the level of $30,000.
21           Because there are two felony offenses, there's a total
22   $200 special assessment.
23           I have read -- again, I've reread the letters that
24   you've sent me, Mr. Smith, and I've read the sentencing
25   memorandum that counsel's filed.  And, of course, I've
```

1    pondered further your objection.
2         So, under the sentencing guidelines, the defendant
3    meets the definition of a career offender if he was at least
4    18 years old at the time he committed the instant offense.
5    And you were.  And the instant offense is a felony that is
6    either a crime of violence or a controlled substance offense.
7    And it is.  And you have at least two prior felony convictions
8    of either a crime of violence or a controlled-substance
9    offense.
10        And I understand that your objection is specifically
11   that possession with the intent to manufacture, sell or
12   deliver marijuana, because it didn't result in a term of
13   imprisonment for more than one year, can't serve as a
14   predicate offense.
15             MR. ALLEN:  That is it, in essence, your Honor.
16   That it was under the applicable structured sentencing.  In
17   state court the judge was incapable of sentencing Mr. Smith to
18   anything other than community or intermediate punishment.
19             THE COURT:  He was sentenced to six to seventeen
20   months, suspended?
21             MR. ALLEN:  Correct, your Honor.
22             THE COURT:  What says the government?
23             MS. SANDLING:  Your Honor, the government would
24   reply that this was a sentence more than 12 months.  And,
25   obviously, if the defendant's probation in state court had

1 been revoked, he would have been subject to a sentence of more
2 than one year in this case.
3      THE COURT: I think, if you're going to find any
4 relief from this case, you're going to find it under the 3553
5 factors. I think the guidelines are pretty cut and dry in
6 this regard, and it's well-established that it is a predicate
7 offense under the circumstances presented. So, I've got to
8 overrule you there.
9   Now, what I would like to do is talk really about
10 something that might merit the sealing of the courtroom. Any
11 issue here with talking about defendant's helpfulness or lack
12 thereof?
13      MR. ALLEN: Not from the defendant, your Honor,
14 although the sealing would, I think, be advisable.
15      THE COURT: Okay. So, what you're saying is you
16 want to seal the record or you want to seal the courtroom?
17      MR. ALLEN: To the extent we're going to have a
18 discussion about that, I would request that the courtroom
19 be -- or that we be able to approach and talk.
20      THE COURT: I think your client needs to hear
21 what's being said.
22   So, if those not affiliated with this case wouldn't
23 mind leaving for a few minutes.
24      MR. ALLEN: Thank you, your Honor.
25   (Spectators withdrew from the courtroom during sealed

1     proceedings.)

2                    *     *     *

3     (Transcript of sealed proceedings appear under separate

4     cover.)

5                    *     *     *

6     (Whereupon, following sealed proceedings, all

7     proceedings in this case were concluded.)

8                    *     *     *

9                        **CERTIFICATION**

10    I certify that the foregoing is a correct transcript of

11    the record of proceedings in the above-entitled matter to the

12    best of my skill and ability.

13

14    /s/ Harold M. Hagopian            October 28, 2019
      Court Reporter                    Date

15